IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT DALE GOLDINGER,           )
                                 )
        Plaintiff,               )
                                 )
    -vs-                         )        Civil Action No.  17-918
                                 )
NANCY A. BERRYHILL,[1]           )
COMMISSIONER OF SOCIAL SECURITY, )
                                 )
        Defendant.               )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 18).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13, 19 and 22).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 18).

## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits pursuant to the Social Security Act.  Plaintiff filed his application alleging disability since March 2, 2013.  (ECF No. 8-7, p. 2). Administrative Law Judge ("ALJ"), Daniel F. Cusick, held a hearing on January 29, 2016.  (ECF No. 8-3, pp. 2-51).  On February 10, 2016, the ALJ found that Plaintiff was not disabled under the Act.  (ECF No. 8-2, pp. 17-32).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.  The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 18). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II.    LEGAL ANALYSIS

### A.    Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

B. **Step 3 - Listings**

In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1.; *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000). The Third Circuit has held that:

> Putting the responsibility on the ALJ to identify the relevant listed impairment(s) is consistent with the nature of Social Security disability proceedings which are "inquisitorial rather than adversarial" and in which "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."

*Burnett,* 220 F.3d at 120, n. 2 (*quoting Sims v. Apfel,* 530 U.S. 103 (2000)). Nonetheless, it is a plaintiff's burden to show that his impairment matches a listing or is equal in severity to a listed impairment. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir.1992).

The listing at issue in this case is Listing 11.03 (non-convulsive epilepsy). Listing 11.03 is the most analogous for considering medical equivalence of headaches. POMSDI 24505.015.

Plaintiff acknowledges that the ALJ did consider Listing 11.03 but suggests that his analysis is insufficient in that he failed to "acknowledge or discuss the requirements that Plaintiff's migraines be evaluated pursuant to Listing 11.03," but rather only considered Listing 11.03 in the context of Plaintiff's "cerebral trauma." (ECF No. 13, pp. 7-8). After a review of the record, I disagree.

> The ALJ specifically stated:

> Migraine headaches are not a listed impairment, but as discussed below, they have not occurred with listing equivalent frequency or severity, for example, under Listing 3.03, 11.02, or 11.03 (Exhibits 1F; 3F; 4F; 14F; 19F; and 21F).

(ECF No. 8-2, p. 21). The discussion that occurred "below" regarding Listing 11.03 provides:

> The claimant's cerebral trauma was evaluated under the provisions of 11.02, 11.03, 11.04, and 12.02, as applicable, but there is no documentation of listing level severity (Exhibits 1F; 13F-15F; 17F; 19F; and 21F).

(ECF No. 8-2, p. 21). Based on the same, I find there is no doubt that the ALJ considered Plaintiff's migraines as a part of Plaintiff's "cerebral trauma(s)" and considered it under Listing 11.03. Consequently, I am not persuaded by Plaintiff's argument in this regard.

### C.    Residual Functional Capacity ("RFC") [2]

Plaintiff argues that the ALJ improperly determined his RFC. (ECF No. 13, pp. 8-9). Specifically, Plaintiff suggests that because the ALJ found his headaches and vertigo were "severe impairments," the ALJ was required, as a matter of law, to make an accommodation for that impairment in his RFC. *Id;* ECF No. 22, pp. 1-3. I disagree. "[S]uch a presumption would conflict with the regulatory scheme for determining whether a claimant is disabled, under which the determination of whether a claimant is severely impaired precedes a separate determination

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ found Plaintiff could perform light work with exceptions. (ECF No. 8-2, p. 23).

4

of whether the claimant, despite his severe impairment, retains the [residual functional capacity] to perform substantial gainful activity." *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Thus, just because an impairment is found to be severe does not mean necessarily that it erodes a plaintiff's RFC. *Franklin v. Astrue*, No. 10-CV-02532-PAB, Civ No. 10-cv-2532, 2012 WL 1059995, at *3 (D. Colo. Mar. 28, 2012) ("Simply because plaintiff established a 'severe impairment' which only 'requires a de minimis showing of impairment,' does not necessarily require that the ALJ conclude that the impairment materially erodes plaintiff's RFC."). In this case, the ALJ discussed and thoroughly considered Plaintiff's headaches and vertigo in his discussion of the RFC. (ECF No. 8-2, pp. 23-30). I find the ALJ properly reviewed the same and that the RFC is based on substantial evidence. (ECF No. 8-2, pp. 17-32). Therefore, remand on this basis is not warranted.

        **D.**    <u>**Weight of Opinion Testimony**</u>

Plaintiff next argues that the ALJ erred in failing to properly evaluate the medical opinion evidence. (ECF No. 13, pp. 9-19). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion

is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §

416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and

severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and

laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of]

record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is

with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §

416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit

has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord
> treating physicians' reports great weight, especially 'when their opinions reflect
> expert judgment based on continuing observation of the patient's condition over a
> prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000)
> (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where .
> . . the opinion of a treating physician conflicts with that of a non-treating, non-
> examining physician, the ALJ may choose whom to credit" and may reject the
> treating physician's assessment if such rejection is based on contradictory
> medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a
> treating physician is to be given controlling weight only when it is well-supported
> by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec.

14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot

reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577

F.3d 500, 505 (3d Cir. 2009).

In support of his argument that the ALJ improperly rejected the opinions of Drs. Newman

and Reynolds and Robert French, M.A., Plaintiff begins with the suggestion that their opinions

establish far greater limitations than the ALJ found and these opinions meet his burden of proof

that he is "disabled." (ECF No. 13, pp. 10-17).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or
> whether there is evidence that is inconsistent with the ALJ's finding....
> Substantial evidence could support both Plaintiff's claims and the ALJ's findings

> because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). The question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, Plaintiff's argument in this regard is misplaced.

Plaintiff also suggests that the ALJ failed to discuss the consistency between the opinions of Drs. Newman and Reynolds. (ECF No. 13, pp. 14-15). After a review of the record, I disagree. The ALJ discussed all opinion evidence in context with the totality of the evidence of the record. (ECF No. 8-2, pp. 23-30). I find this is a sufficient discussion of the consistency/inconsistency of the evidence such that I am able to make a proper review of the evidence. Consequently, I find no merit to this suggestion.

Additionally, Plaintiff suggests that the ALJ "failed to acknowledge that the Agency generally accords greater weight to the opinions of treating sources…." (ECF No. 13, p. 15). Again, after a review of the record, I disagree. In determining the RFC, the ALJ specifically stated that he "considered opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527 and SSRs 96-2p. 96-5p, 96-6p and 06-3p." (ECF No. 8-2, p. 24). Section 404.1527 specifically sets forth the treating source rule. Consequently, I find no merit to this suggestion.

Plaintiff further asserts that the ALJ failed to acknowledge that Drs. Reynolds and Newman are specialists in their field. (ECF No. 13, p. 15). Again, a simple review of the record reveals the inaccuracy of this assertion. At his first mention of Dr. Reynolds, the ALJ referred to Dr. Reynolds as a Psy.D and concussion expert. (ECF No. 8-2, p. 26). In first mentioning Dr. Newman, the ALJ referred to Dr. Newman as a Ph,D. and a consultative examiner. *Id.* at p. 27. Thus, contrary to Plaintiff's assertion otherwise, I find that the ALJ adequately acknowledged that they were both specialists in the mental health field. Therefore, I find no merit to this assertion.

One of the reasons for discounting Dr. Newman's opinion was that it was "entirely unsupported by his own examination findings and 'Mild' neurocognitive diagnosis." (ECF No. 8-2, p. 29). I note that internal inconsistency is a valid reason for discounting opinion evidence. 20 C.F.R. §§ 416.927, 404.1527 (discussing the evaluation of medical opinions). In attempting to discredit the ALJ for recognizing this inconsistency, Plaintiff suggests that the testing in record "revealed impaired neurocognitive functioning repeatedly." (ECF No. 13, p. 17). As noted above, the question before me is whether substantial evidence supports the ALJ's findings, not Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, the support for this argument is misplaced.

Plaintiff also takes issue with the fact that the ALJ discredited the opinions of Dr. Reynolds and Mr. French on the sole basis that their opinions were on the ultimate issue of disability. (ECF No. 13, pp. 17-18). While Plaintiff acknowledges that issues as disability are reserved for the ALJ and are entitled to no special significance, Plaintiff argues that to discredit the rest of their opinions on this basis is improper. *Id.* The record reveals, however, that the ALJ discredited their opinions for other reasons as well. (ECF No. 8-2, p. 29). For example, the ALJ stated that Dr. Reynolds and Mr. French acknowledged "improvement in the claimant's condition, and a treatment summary from Family A.C.T.S. indicates the claimant successfully completed anger management treatment and has since made significant progress in treating relapse prevention." *Id.* Internal inconsistency is a valid reason for discounting opinion evidence. 20 C.F.R. §§ 416.927, 404.1527 (discussing the evaluation of medical opinions). Thus, I am not persuaded by Plaintiff's argument that the ALJ discredited the entirety of their opinions solely on the basis that they were on the ultimate issue of disability.

Furthermore, contrary to Plaintiff's assertion otherwise, the ALJ did not rely on his lay analysis of the raw medical data. (ECF No. 13, p. 19). Rather, the ALJ weighed all of the opinion evidence of record and gave great weight to the opinion of the state agency mental examiner, Dr. Rattan, finding it to be well-supported by the record as a whole, including that

"received at the hearing level, showing improvement in his cognitive and mental status." (ECF No. 8-2, p. 28). After a review of the record, I find that same is supported by substantial evidence. (ECF No. 8-2, pp. 17-32). Consequently, remand is not warranted on this basis.

### E. Plaintiff's Credibility

Plaintiff's last argument is that the ALJ's credibility assessment is defective because he neglected to consider Plaintiff's "stellar work history." (ECF No. 13, pp. 19-20). To that end, Plaintiff states that his "lengthy work history is a factor that lends to his credibility." *Id.* at 20. Plaintiff is not suggesting that this fact entitles him to enhanced credibility or that this fact trumps other facts. *Id.* Rather, Plaintiff simply states that (1) the ALJ was required to consider it, and (2) did not. *Id.*

In evaluating whether a plaintiff's statements are credible, the ALJ will consider all evidence including that from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, prior work record, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c), 404.1529; SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case. a review of the ALJ's opinion reveals that the ALJ specifically considered Plaintiff's work history. (ECF No. 8-2, p. 24). The ALJ acknowledged Plaintiff worked for the US Postal Service as a postal carrier and worked as a glazier in window manufacturing. *Id.* at pp. 24, 30. While I acknowledge that the ALJ did not discuss in great detail Plaintiff's work history, there is also no requirement that the ALJ to tarry on about a plaintiff's prior work history. Thus, contrary to Plaintiff's assertion otherwise, I find the ALJ sufficiently considered Plaintiff's work

history in assessing his credibility. *Id.* Therefore, remand on this basis is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT DALE GOLDINGER,     )
                     )
       Plaintiff,       )
                     )
  -vs-               )     Civil Action No.  17-918
                     )
NANCY A. BERRYHILL,[3]     )
COMMISSIONER OF SOCIAL SECURITY,   )
                     )
      Defendant.     )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 24th day of September, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 12) is denied and Defendant's Motion for Summary Judgment (ECF No. 18) is granted.

BY THE COURT:

s/  Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.